IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| VICTORIA R. FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-137 |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Victoria R. Fleming appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.     BACKGROUND**

Plaintiff protectively applied for SSI on November 1, 2019, alleging a disability onset date of March 14, 2018. Tr. ("R."), pp. 13, 36, 165-71. Plaintiff was eighteen years old on her alleged disability onset date and twenty-one years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration. R. 22, 36. Plaintiff applied for disability benefits based on allegations of rheumatoid arthritis, muscle weakness, back pain, fatigue,

migraines, Haglund's deformity, depression, and anxiety. R. 192-93. Plaintiff graduated high school and, prior to her alleged disability, worked as a fast-food worker. R. 21, 42-43.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 126-52. Plaintiff requested a hearing before an ALJ, (R. 104-07), and the ALJ held an initial hearing on December 15, 2020. R. 27-59. The ALJ heard testimony from Plaintiff, as well as Vocational Experts ("VE") Brian Spillers. R. 36-60. On February 19, 2021, the ALJ issued an unfavorable decision. R. 22.

Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since November 1, 2019, the alleged onset date. (C.F.R. § 416.971 *et seq*.).

2. The claimant has the following severe impairments: intermittent joint pain with swelling, osteoarthritis of the right subtalar joint, Haglund's deformity, and history of seropositive rheumatoid arthritis (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work[1] as defined in 20 C.F.R. § 416.967(a) except she can climb ramps and stairs occasionally; and never climb ladders, ropes, or scaffolds. The claimant occasionally can balance and stoop; but never kneel, crouch, or crawl. The claimant should never have to work at unprotected heights, or with unprotected, dangerous moving mechanical parts. The claimant occasionally could operate a motor vehicle. She should never have to

---

[1]"Sedentary work" is defined as:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) and 416.967(a).

>    work in extreme cold, or with vibration. The claimant must have no jobs that require an individual to be barefooted.
>
> 5. Considering the claimant's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that the claimant can perform, (20 C.F.R. §§ 416.969, and 416.969(a)).

R. 13-21.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff does not make any specific argument whether the Commissioner's decision is supported by substantial evidence, but rather she disagrees with the ALJ's conclusion and requests the Court review her case and consider the submitted evidence. See Pl.'s Br., doc. no. 17. The Commissioner maintains the administrative decision is supported by substantial evidence. See Comm'r's Br., doc. no. 20.

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff makes no specific argument regarding error by the ALJ, but rather argues the medical evidence should have been reviewed by a medical professional, and such review would have demonstrated she is unable to work. Pl.'s Br. Plaintiff cites in support of a finding of disability her physical limitations, mental assessments, current medical statements,

4

and current disability medical statements. Id. at 1-2. As explained below, there is no valid basis for reversal or remand.

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a claimant can return to her past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

"The task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors." Robinson v. Astrue, 365 F. App'x 993, 999 (11th Cir. 2010). Thus, Plaintiff's argument that a medical professional did not review the evidence on behalf of the Commissioner fails. Moreover, four state agency medical consultants reviewed

Plaintiff's medical information and made findings, which the ALJ found to be persuasive and appropriately considered when fashioning the RFC.

To the extent Plaintiff is challenging the RFC determination, the ALJ's decision is supported by substantial evidence. In formulating the RFC, the ALJ found Plaintiff could perform sedentary work,

> except she can climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds. The Claimant occasionally can balance and stoop; but never kneel, crouch, or crawl. The claimant should never have to work at unprotected heights, or with unprotected, dangerous moving mechanical parts. The claimant occasionally could operate a motor vehicle. She should never have to work in extreme cold, or with vibration. The claimant must have no jobs that require an individual to be barefooted.

R. 20. The ALJ specifically stated she considered all of Plaintiff's symptoms, the extent to which the symptoms were supported by objective medical evidence, and opinion evidence. Id.

"'[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision,' so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015) (quoting Dyer, 395 F.3d at 1211); see also Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 808-09 (11th Cir. 2013) ("the ALJ stated that he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits").

Here, the ALJ addressed all of Plaintiff's ailments in formulating the RFC. The ALJ considered Plaintiff's joint pain with swelling, osteoarthritis of the right subtalar joint, Haglund's deformity, rheumatoid arthritis, and accounted for the physical capacity evaluation by Plaintiff's physician in the RFC by limiting her to sedentary work with further postural

limitations such as to never kneel, crouch or crawl. R. 15-20. The ALJ acknowledged the medical evidence of arthritic pain in Plaintiff's hand, wrist, elbow, knee, and ankle, but also pointed out evidence in the same records of Plaintiff's condition improving with treatment. R. 17-19, 323-31, 340, 370, 373 421, 424, 426. The most concerning arthritic condition is arguably Plaintiff's osteoarthritis of the subtalar joint in her right ankle, which at its peak required Plaintiff to use crutches. However, nerve block treatments reduced the ankle pain and swelling to such a degree that Plaintiff no longer needs crutches, and the ALJ accounted for the ankle condition, as remedied, appropriately by limiting Plaintiff to sedentary work.

In short, the ALJ thoroughly reviewed all of the medical evidence and fashioned an RFC that takes into account all of Plaintiff's limitations and is supported by substantial evidence.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 24th day of June, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA